State of Wisconsin, Plaintiff-Respondent,
v.
Donald J. Buford, Defendant-Appellant.
No. 03-2591-CR.
Court of Appeals of Wisconsin.
Opinion Filed: December 14, 2004.
Before Wedemeyer, P.J., Fine and Curley, JJ.
¶1 PER CURIAM.
Donald J. Buford appeals from a judgment entered after a jury found him guilty of one count of first-degree reckless homicide, contrary to WIS. STAT. § 940.02(1) (2001-02).[1] He also appeals from an order denying his postconviction motion. Buford claims: (1) he did not knowingly waive his right to testify; (2) his trial counsel provided ineffective assistance; (3) the trial court should have held a Machner[2] hearing on his ineffective assistance claim; and (4) he should be granted a new trial in the interest of justice. Because we resolve each claim in favor of upholding the judgment and order, we affirm.

BACKGROUND
¶2 On August 26, 2001, Buford was arguing with a friend, Roderick Gibson. They were supposed to go outside to "fight it out." Before that happened, Buford grabbed Gibson's gun from under the couch cushion and tried to give it to a third friend, L.C. Carter. Carter was sleeping and did not take the gun. Gibson then struck Buford on the back of the head and grabbed for the gun. Buford discharged the gun, striking Gibson four times.
¶3 Gibson died from the gunshot wounds. Buford turned himself in to police two days later. Buford gave a statement to police indicating that "the gun went off two or three times" and "he didn't mean for the gun to fire." Buford told police that the gun "must have gone off because he was falling and because Roderick had grabbed onto his wrist." Buford was charged with first-degree reckless homicide and he entered a not guilty plea.
¶4 Before trial, Buford's counsel solicited a stipulation from the State that the self-defense instruction would be submitted to the jury. Buford did not testify at trial. The trial court conducted an extensive colloquy with Buford and his counsel regarding his wavier of his right to testify. The colloquy covers sixty transcript pages to ensure that Buford understood he had the right to testify and that the decision whether or not to testify was his alone. Buford's counsel explained the reasons for advising Buford not to testifythat he thought any benefit was minimal and that permitting Buford to testify might jeopardize the stipulation with the State regarding charging the jury with the self-defense instruction.
¶5 The jury was instructed on first-degree reckless homicide and the lesser-included offense of second-degree reckless homicide. Although the trial court questioned whether the self-defense instruction was warranted, it agreed to give the instruction based on the stipulation of the parties. The jury found Buford guilty of first-degree reckless homicide. He was sentenced to sixty years, forty years' confinement followed by twenty years' extended supervision.
¶6 Buford filed a postconviction motion alleging that he did not knowingly waive his right to testify and he received ineffective assistance of counsel. The trial court summarily denied the motion. Buford now appeals.

DISCUSSION

A. Right to Testify.
¶7 Buford argues that he did not knowingly waive his right to testify. The basis for this claim is that he did not understand that his testimony was essential to the presentation of his self-defense claim. Specifically, Buford contends that he would have liked to testify to explain to the jury why he fired the gunto empty the gun so Gibson could not use it against him. Buford would have explained that while he was discharging the weapon, Gibson accidentally got shot four times. The State responds that the waiver colloquy demonstrated that Buford: (1) knew that he had a right to testify; and (2) had discussed this right with counsel, see State v. Weed, 2003 WI 85, ¶43, 263 Wis. 2d 434, 666 N.W.2d 485; therefore, Buford's claim must fail. We agree with the State.
¶8 Whether Buford knowingly waived his right to testify presents a question of constitutional fact, State v. Hajicek, 2001 WI 3, ¶14, 240 Wis. 2d 349, 620 N.W.2d 781, which presents a mixed question of fact and law, State v. Phillips, 218 Wis. 2d 180, 189, 577 N.W.2d 794 (1998). Findings of historical fact will be upheld unless clearly erroneous and determinations of law will be reviewed independently. Id. at 189-90.
¶9 Wisconsin law is clear. When a defendant elects to waive his or her fundamental right to testify, the court must conduct an on-the-record colloquy. Weed, 263 Wis. 2d 434, ¶48. The scope of the colloquy must consist of an inquiry to ensure that: (1) the defendant is aware of his or her right to testify; and (2) the defendant has discussed this right with his or her counsel. Id., ¶43. The wavier colloquy transcript in the instant case clearly reflects that both requirements were satisfied.
¶10 The transcript reveals that Buford knew that he had the right to testify, that he had discussed whether or not to testify with his attorney, and that he knowingly waived the right to testify. The law does not require the court to delve into the strategic or tactical reasons for waiving the right or specifically what the defendant's testimony would be. Accordingly, we conclude that Buford knowingly waived his right to testify.

B. Ineffective Assistance Claim.
¶11 Buford next claims that he received ineffective assistance of trial counsel. Specifically, he contends trial counsel provided ineffective assistance: (1) by failing to explain to Buford the significance of his testimony for his selfdefense claim; and (2) by failing to request a jury instruction on the unreasonable use of self-defensive force or to make any argument in support of the lesserincluded offense. The State contends that Buford's counsel provided effective assistance, and that Buford was not prejudiced by the alleged deficient conduct. We conclude that Buford failed to prove that he received ineffective assistance of counsel.
¶12 In order to prove an ineffective assistance claim, the defendant must satisfy a two-part test: he must prove both that his attorney's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if the attorney "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." State v. Johnson, 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990) (quoting Strickland, 466 U.S. at 687). An attorney's deficient performance is prejudicial only if there is "a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." State v. Guerard, 2004 WI 85, ¶43, 273 Wis. 2d 250, 682 N.W.2d 12 (citation omitted).
¶13 Our review of this claim presents a mixed question of fact and law. Johnson, 153 Wis. 2d at 127. "What the attorney did or did not do is a question of fact, and the trial court's determination on that matter will not be overturned unless clearly erroneous." State v. Brunette, 220 Wis. 2d 431, 446, 583 N.W.2d 174 (Ct. App. 1998) (citation omitted). "[W]hether that conduct constitutes constitutionally deficient representation or prejudice is a question of law, which this court reviews de novo." Id. (citation omitted). Moreover, a reviewing court need not address both parts of the ineffective assistance test if the claim can be resolved by addressing only one part. State v. Moats, 156 Wis. 2d 74, 101, 457 N.W.2d 299 (1990).
¶14 Buford's first claim is that trial counsel failed to adequately advise him about the critical importance of his testimony to his self-defense claim. He argues that without hearing his testimony explaining why he discharged all the bullets in the gun, the jury had no basis to understand his self-defense theory. We are not persuaded that Buford's counsel's conduct in this regard constituted deficient performance. At the waiver hearing, counsel told the court that he advised Buford not to testify for several reasonsthat the testimony offered would be minimally helpful, that Buford could get easily confused during crossexamination, and that his testimony might jeopardize the stipulation for the selfdefense instruction. Thus, trial counsel offered a reasonable strategic reason for his advice to waive the right to testify. That ends the matter. The strategy, in hindsight, might not have been the best advice, but that is not the standard.
¶15 The standard is whether the errors were so serious that counsel was not functioning as counsel guaranteed by the constitution. Even if we assume that all of the facts Buford alleges and the inferences that can be drawn therefrom are true, his claim still fails. His counsel felt strongly that his testimony would hurt the case more than it would help. This was a matter of reasonable trial strategy and does not rise to the level of deficient conduct.
¶16 We further conclude that even if Buford's counsel had advised him of the significance of the testimony and Buford chose to testify, the outcome would not have been different. There were several other witnesses who testified as to the sequence of events. These witnesses' testimony would not support Buford's claim that he was trying to discharge the gun and accidentally shot Gibson. One witness testified there was no struggle between the two men. Another witness testified that Buford turned around to face Gibson, not the other way around. Finally, Buford's own statement to the police, given shortly after the incident, contradicts the testimony he now proffers. The statement said the gun "[s]uddenly went off two or three times." This is inconsistent with Buford's current claim that he was intentionally discharging the weapon to empty it. Buford's statement also asserted that "he didn't mean for the gun to fire" and "it must have gone off because he was falling." Again, this is inconsistent with intentionally discharging the gun. Based on the foregoing, we conclude that Buford has failed to demonstrate either deficient performance or prejudice regarding his decision not to testify.
¶17 We reach a similar conclusion with regard to Buford's claims that counsel failed to request the "unreasonable use of self-defensive force" jury instruction or argue in support of the lesser-included offense. Buford's contention starts with the premise that imperfect self-defense is a defense to first-degree reckless homicide and could mitigate the crime to second-degree reckless homicide. This premise, however, is faulty.
¶18 According to WIS. STAT. § 940.01(2)(b), the legislature classified "unnecessary defensive force" as a mitigating circumstance applicable only to first-degree intentional homicide, not first-degree reckless homicide. Thus, Buford's counsel was not deficient in failing to request the instruction in this case.
¶19 Further, counsel was not deficient for not specifically arguing to the jury to convict Buford of the lesser-included offense. As stated by the trial court in its order denying the postconviction motion:
In allocating closing argument resources, it is not uncommon for attorneys to ignore direct argument about lesser included offenses. Here, the claim that the gun went off accidentally during a struggle is a challenge to the element of criminal recklessness, an element of both the charged and lesser included offense. The mere fact that no direct argument is made about a lesser included offense does not overcome the strong presumption that trial counsel has acted competently.
We agree with the trial court's analysis.
¶20 Based on the foregoing, we conclude that Buford failed to establish that he received ineffective assistance of trial counsel. Accordingly, we reject his claim.

C. Evidentiary Hearing.
¶21 Buford also contends that the trial court erred in denying his ineffective assistance claim without conducting an evidentiary hearing. We disagree.
¶22 The trial court is obliged to hold an evidentiary hearing only if the defendant makes factual allegations that raise a question of fact. State v. Bentley, 201 Wis. 2d 303, 309, 548 N.W.2d 50 (1996). "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." State v. Allen, 2004 WI 106, ¶9, ___ Wis. 2d ___, 682 N.W.2d 433.
¶23 Here, the trial court properly exercised its discretion. As explained earlier in this opinion, Buford's motion did not raise sufficient facts to entitle him to relief and the record showed that he was not entitled to relief. Accordingly, there was no reason to conduct an evidentiary hearing.

D. Interest of Justice.
¶24 Buford's final claim is that he is entitled to a new trial in the interest of justice. He argues that the real controversy was not tried because he did not have the opportunity to explain to the jury why he discharged the gun. We reject his claim.
¶25 We have already concluded that Buford knowingly waived his right to testify. Therefore, he cannot now claim that his decision requires reversal in the interest of justice.
By the Court.  Judgment and order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] See State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).