STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Edward JOHNSON, Defendant-Appellant.

Supreme Court

*No. 87-1471-CR. Argued November 1, 1989.—Decided January 18, 1990.*

(Also reported in 449 N.W.2d 845.)

For the plaintiff-respondent-petitioner the cause was argued by *Paul Lundsten,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

For the defendant-appellant there were briefs and oral argument by *Charles Bennett Vetzner,* assistant state public defender.

STEINMETZ, J. This is a reconsideration of a decision in which we reversed an unpublished court of appeals decision and reinstated the judgment of conviction and order by the circuit court for Dane county, the Honorable Michael B. Torphy, Jr.

In an unpublished order of this court dated June 20, 1989, this court stated that the defendant had waived his

right to any review of the ineffective assistance of counsel issue but that the court in its discretion would allow the issue to be briefed and decided. In our first review, this court did not decide the issue of ineffective assistance of counsel but did reverse the court of appeals on the issue of evidence having been introduced that the victim of the defendant's attack had not commenced civil litigation.[1] The respondent does not have to file a cross-petition. Section 809.62(7), Stats. Issues, however, must be asserted in his brief to this court. This court will not consider the issues respondent wishes to have considered unless they are asserted in the brief and fully discussed in that brief to this court. There must be a full discussion of all issues asserted or dealt with in the court of appeals on which he relies. *State v. Alles,* 106 Wis. 2d 368, 390-91, 316 N.W.2d 378 (1982).

In his initial appeal before the court of appeals, Johnson raised two issues.[2] The first issue asked whether evidence that the victim was not intending to sue Johnson for civil damages as a result of the assault, which was offered to bolster her credibility, was erroneously admitted and therefore warranted the court of appeals exercise of its discretion to order a new trial in the interests of justice. The second issue raised was ineffective assistance of counsel.

The court of appeals answered the first issue in the affirmative, reversed the conviction and remanded the case thus avoiding the ineffective assistance of counsel issue. The state then petitioned this court for review of the first issue and we accepted. We reversed the court of appeals. Although we agreed with that court that it was

[1]*See State v. Johnson,* 149 Wis. 2d 418, 439 N.W.2d 122 (1989).

[2]*State v. Johnson,* No. 87-1471-CR, unpublished slip op. at 1-2 (Wis. Ct. App. June 16, 1988).

error to admit the nonlitigation evidence, we found the error to be harmless. The nonlitigation evidence was offered by the state to bolster the testimony of the victim that she had not started a civil action before the criminal trial. *State v. Johnson,* 149 Wis. 2d 418, 428, 432, 439 N.W.2d 122 (1989). In our decision, we noted that the court of appeals had not addressed ineffective assistance of counsel. *Id.* at 427.

Subsequent to our initial review, Johnson filed a timely motion to this court pursuant to sec. 809.64, Stats., for reconsideration of the decision on the grounds the defendant was denied effective assistance of counsel guaranteed him by the sixth amendment.[3] Johnson concluded his initial brief for review in this court by stating: "This court should affirm the Court of Appeals' order for a new trial. If this court should reverse that order, the case should then be remanded to the Court of Appeals to consider the issues which have not yet been decided." This is not sufficient. Our original order dated August 23, 1988, expressly stated:

> IT IS FURTHER ORDERED that in any brief filed in this court the parties shall not incorporate by reference any portion of their court of appeals' brief or petition for review or response; instead, any mate-

---

[3]The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

rial in these documents upon which there is reliance should be restated in the brief filed in this court;

Procedurally, this court had two alternatives after deciding the issue for which the court accepted the petition for review brought by the state which reversed the court of appeals. We could have returned the case to the court of appeals for a decision on the issue of ineffective assistance of counsel, or this court could have decided the issue. We chose the latter course of action and, under the procedural circumstances of this case, granted the defendant's motion.

The defendant asserts three specific instances in which he alleges trial counsel acted ineffectively in presenting his defense. There is no need to consider in detail whether one or all three points of counsel's performance were deficient since we hold there was no prejudice. We therefore affirm the mandate of our first decision in *Johnson,* 149 Wis. 2d 418, which reversed the decision of the court of appeals and remanded the case with directions to reinstate the conviction.

"[T]he right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The benchmark for judging whether counsel has acted ineffectively is stated in *Strickland v. Washington,* 466 U.S. 668 (1984). That requires the ultimate determination of "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. The overall purpose of this inquiry is to ensure that the criminal defendant receives a fair trial. A fair trial is defined as "one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." *Id.* at 685.

The *Strickland* Court set forth a two-part test for determining whether counsel's actions constitute ineffective assistance. The first test requires the defendant to show that his counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Review of counsel's performance gives great deference to the attorney and every effort is made to avoid determinations of ineffectiveness based on hindsight. Rather, the case is reviewed from counsel's perspective at the time of trial, and the burden is placed on the defendant to overcome a strong presumption that counsel acted reasonably within professional norms.[4] *Id.*

Even if deficient performance is found, judgment will not be reversed unless the defendant proves that the deficiency prejudiced his defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

The standard of review of the ineffective assistance of counsel components of performance and prejudice is a mixed question of law and fact. *Id.* at 698. Thus, the trial court's findings of fact, "the underlying findings of what happened," will not be overturned unless clearly erroneous. *State v. Pitsch,* 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985) (citing sec. 805.17(2), Stats.

---

[4]The Court was careful to note that no exhaustive list of performance standards is available as a checklist on review. Rather, the Court suggested that prevailing norms of practice such as the American Bar Association Standards may be referred to for guidance. *Strickland,* 466 U.S. 688.

1983–84). The ultimate determination of whether counsel's performance was deficient and prejudicial to the defense are questions of law which this court reviews independently. *Id.*

When reviewing a claim of ineffective assistance of counsel, the *Strickland* Court states that courts may reverse the order of the two tests or avoid the deficient performance analysis altogether if the defendant has failed to show prejudice:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland,* 466 U.S. at 697.

We choose to examine whether any of the three claims of alleged ineffectiveness of counsel "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

128

The *Strickland* Court places the burden on the defendant to affirmatively prove prejudice. "Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense." *Id.* at 693. The Court further instructs that "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.*

The prejudice standard set by the *Strickland* Court does not require the defendant to show that counsel's deficient conduct was outcome determinative of his case. Rather, the Court states that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.[5] In application of this principle,

---

[5]The *Strickland* Court prefaced this standard with tests taken from other decisions of that Court which dealt with both exculpatory material evidence and testimony being withheld from the defense. *See Strickland,* 466 U.S. at 694 (citing *United States v. Agurs,* 427 U.S. 97, 104, 112–13 (1976); *United States v. Valenzuela-Bernal,* 458 U.S. 858, 872–74 (1982)). The omissions in *Strickland* also resulted in information being withheld from consideration. In the case now before us, the defendant claims his attorney's deficient performance resulted in the jury having heard evidence and argument it should not have. This court has assumed, however, that the *Agurs/Valenzuela-Bernal* approach is applicable in all claims of ineffective assistance of counsel whether they center on claims of wrongful withholding of evidence or failing to act to withhold allegedly inadmissible evidence. *See State v. Pitsch,* 124 Wis. 2d 628, 641 n. 7, 369 N.W.2d 711 (1985).

reviewing courts are instructed to consider the totality of the evidence before the trier of fact. *Id.* at 695.

We hold that, under the totality of the circumstances in this case, the defendant's trial result was just, and no prejudice occurred as a result of defendant's counsel's trial representation.

Appellate counsel has suggested three areas of alleged prejudicial error. First, it is argued that trial counsel's failure to use a prior inconsistent statement of the victim made to police, which concerned her level of intoxication that evening, prejudiced the defense. We do not find the statement in question to be inconsistent with any degree of certainty let alone the "reasonable probability" level required by *Strickland* to invalidate the outcome of the trial.

Second, appellate counsel asserts that the failure to object on hearsay grounds to testimony resulting in the admission of three consistent and cumulative statements of the victim made to her girlfriend, roommate and employer prejudiced the defense.[6] Appellate counsel in

---

[6]Trial counsel did object during the testimony of the third witness called, the victim's roommate, on the grounds of irrelevancy of cumulative and bolsterous testimony under sec. 904.03, Stats. The judge overruled the objection citing to sec. 908.01(4)(a)2, which provides:

> **908.01 Definitions.** The following definitions apply under this chapter:
> (4) STATEMENTS WHICH ARE NOT HEARSAY. A statement is not hearsay if:
> (a) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
> 2. Consistent with his testimony and is offered to rebut an express or implied charge against him or recent fabrication or improper influence or motive . . ..

Appellate counsel argues that trial counsel should have

argument on motion for postconviction relief after trial and at oral argument before this court conceded that the testimony of the friend, the first person to talk with the victim that night after the attack, might well have been admissible as an excited utterance. Section 908.03(2), Stats.[7] Without deciding further, under these circumstances the other two statements arguably fall within the same exception due to the gross facts of the attack which, as witnesses testified, caused the victim to remain in an uncharacteristically high state of stress and excitability for some hours thereafter and which caused her behavior toward her job and others to differ from her normal conduct.[8]

---

objected further on hearsay grounds because the defense theory held that the victim's story was fabricated from its inception. Because we find the admission of the testimonies did not prejudice the defense, we do not comment on the merits of recent case law interpretations of sec. 908.01(4)(a)2, Stats. *See, e.g., State v. Gershon,* 114 Wis. 2d 8, 337 N.W.2d 460 (Ct. App. 1983).

[7]Section 908.03(2), Stats., provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . ..
>
> (2) EXCITED UTTERANCE. A statement relating to a star- tling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

The statute contains two elements that must be met in order to admit a statement as an excited utterance. First, there must have been "a startling event or condition." Here, a sexual assault is alleged by the victim. Second, the declarant must have made the statement concerning that startling event or condition while "under the stress of excitement caused by the event or condition." *See Muller v. State,* 94 Wis. 2d 450, 466, 289 N.W.2d 570 (1980).

[8]We have said that the time factor between the triggering event and the utterance is the key factor in determining whether or not a statement is admissible as an excited utterance. However,

Finally, the only alleged deficiency upon which we rule with an offer of caution to both prosecution and defense counsel is the content of the closing argument. No prejudice is found in defense counsel's failure to object to the district attorney's closing argument references to the defendant as a "liar,"[9] a "rapist" and "guilty." While not exemplary choices, these words were used in analyzing the evidence.[10] Although there are

"time is measured by the duration of the condition of excitement rather than mere time elapse from the event or condition described." *Muller,* 94 Wis. 2d at 467. (Citations omitted.) " 'The significant factor is the stress or nervous shock acting on the declarant at the time of the statement.' " *Id.*

We note from the record that the employer did not testify as to the gross details of the attack. Instead, her testimony centered on the victim's uncharacteristic level of anxiety and uncharacteristic cancellation of her work schedule the morning after the attack. The friend and roommate both testified as to details of the attack, but both also consistently recounted the uncharacteristically high level of stress and upset experienced by the victim in the hours immediately following the assault.

[9]*See United States v. Spain,* 536 F.2d 170, 175 (7th Cir.) *cert. denied* 429 U.S. 833 (1976) (citing *United States v. Isaacs,* 493 F.2d 1124, 1166 (7th Cir.) *cert. denied* 417 U.S. 976 (1974) (references to defendant's statements as "lies" is proper argument)); *United States v. Holt,* 817 F.2d 1264, 1276 n. 10 (7th Cir. 1987) (quoting *United States v. Peterson,* 808 F.2d 969 (2d Cir. 1987) (" 'use of the words "liar" and "lie" to characterize disputed testimony when the witness's credibility is clearly in issue is ordinarily not improper unless such use is excessive or likely to be inflammatory.' ")). (Citations omitted.) In this case, use of the terms was neither excessive nor inflammatory.

[10]*See State v. Draize,* 88 Wis. 2d 445, 454, 276 N.W.2d 784 (1979) ("The prosecutor may 'comment on the evidence, detail the evidence, argue from it to a conclusion and state that the evidence convinces him and should convince the jurors. ' ") (Citations omitted.) *See also United States v. Scott,* 660 F.2d 1145,

calmer yet equally accusatorial words that could have been used, this court recognizes the stress and emotional involvement both counsel face when presenting their respective cases. Only once did the district attorney personalize what he believed the evidence showed, and his opinion of the evidence is not relevant.[11]

We question, however, the imprudent use of the terms "perjurer," "perjure" and "perjury" in reference to the defendant within the context of this case.[12] The issue central to this case is one of credibility. It asks the jury to decide on markedly different versions of the facts who—the defendant or the victim—it will ultimately believe. Therefore, the term "perjurer" and the term

1177 (7th Cir. 1981) *cert. denied* 455 U.S. 907 (1982) (" 'Unflattering characterizations of a defendant will not provide a reversal when such descriptions are supported by the evidence.' "). (Citations omitted.)

[11]*See Spain,* 536 F.2d at 174 (quoting *United States v. Verse,* 490 F.2d 280, 282 (7th Cir. 1973) *cert. denied* 416 U.S. 989 (1974) ("[u]rging the jury to believe the government witnesses' testimony did 'not constitute . . . an indication of the prosecutor's personal belief or opinion as to guilt of the defendant" and therefore constituted proper argument)); ABA Standards for Criminal Justice sec. 3–5.8(b) (2d ed. supp. 1986) (unprofessional "for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant"). *But see Embry v. State,* 46 Wis. 2d 151, 160, 174 N.W.2d 521 (1970). (In Wisconsin, "[W]hen such an opinion is expressed [by either counsel] it must be clear that it is based solely upon the evidence in the case . . .. The independent opinion of counsel is not evidence.")

[12]*Id.* at 174 (citing *United States v. Jansen,* 475 F.2d 312, 317 (7th Cir.) *cert. denied* 414 U.S. 826 (1973) (use of the term "perjured" by prosecutor described as "ill-considered"; defense counsel's objection to use thereof was sustained)).

"liar," and derivations of either, cannot be considered synonymous.

Under the totality of the circumstances in this case, we do not find that any of the alleged areas of deficient performance singly or jointly caused prejudice to the defendant.

We conclude the defendant did not suffer prejudice due to counsel's representation. It is also our conclusion that if trial counsel had argued the defense as appellate counsel now suggests, the result of the proceeding would not have been affected.

*By the Court*—The decision filed May 10, 1989, is confirmed.

BABLITCH, J., took no part.