STATE of Wisconsin, Plaintiff-Respondent,

v.

Laurence W. TUCKER, Defendant-Appellant.†

Court of Appeals

*No. 2011AP752–CR. Submitted on briefs January 11, 2012.
—Decided May 24, 2012.*

2012 WI App 67

(Also reported in 816 N.W.2d 325.)

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert T. Ruth* of *Robert T. Ruth Law Offices, S.C.*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Maura FJ Whelan*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Vergeront, Higginbotham and Sherman, JJ.

¶ 1. SHERMAN, J. Laurence Tucker appeals a judgment of conviction for armed robbery, and aggravated battery with the intent to cause great bodily harm, both as party to a crime, as well as an order denying his motion for postconviction relief. Tucker contends that his trial counsel provided ineffective assistance of counsel by failing to object to the State's failure to abide by their plea agreement. We affirm for the reasons discussed below.

## BACKGROUND

¶ 2. Tucker was charged with two counts of armed robbery, two counts of aggravated battery, and three counts of identity theft, all as a party to a crime and as a repeater. Tucker and the State entered into a plea agreement, the terms of which were stated by the State at the plea hearing. The State stated:

> The defendant will to my understanding enter a plea to Counts 3 and 4 . . . . The State will move to dismiss the

repeater enhancer from those two counts . . . which are five, I believe in that case, 1, 2, 5, 6, and 7, will be dismissed, but retained for read in purposes . . . .[1]

. . . The State has agreed to cap any request for initial confinement at 15 years, three on length of extended supervision.

Tucker's attorney stated that the State's description of the plea agreement was "an accurate statement of our joint recommendation," and Tucker agreed that the State's description of the plea was his understanding of the agreement. The court then conducted a colloquy with Tucker to ascertain that Tucker was knowingly, intelligently, and voluntarily entering his plea to the charges. Following the colloquy, the court accepted Tucker's pleas, found him guilty of one count of burglary and one count of aggravated battery, and continued bail. Immediately following, the prosecutor advised the judge:

Part of the plea agreement was that I would not move to revoke bond. We would continue bond and that is correct. I just want the record to be clear, Mr. Tucker to be clear that the entire offer is contingent on continued bond compliance, so he has been bond compliant to my knowledge. I just want that to be clear.

Tucker's attorney had nothing further to add to this additional information, and raised no objection to it.

¶ 3. Tucker's sentencing hearing was held on November 21, 2008. Tucker failed to appear at the hearing and the court issued a bench warrant for his arrest. Tucker was subsequently rearrested and charged with felony bail jumping. A second sentencing hearing was

---

[1] The State also agreed that a charge of possession of tetrahydrocannabinols (THC) with intent to deliver in an unrelated case would be dismissed but read in.

held on April 17, 2009. At that time, the State advised the circuit court that the State believed that the plea agreement was no longer in effect. The prosecutor explained:

> [F]irst and foremost I would like to address the plea agreement . . . . I did call [Tucker's attorney] last night and specifically advised him of this issue. The plea agreement . . . was made contingent upon absolute bond compliance. As you may recall, [Tucker] remained free on bond, and that was quite a risk and I made it very clear on the record that that [15] year cap at that time on this case . . . was contingent upon him appearing in court for his sentencing hearing which was . . . November 21, 2008 . . . . Tucker did not, as we know based on the felony bail jumping conviction before Your Honor, as well. The State thereby based upon the bail violation, the breach of the agreement on the part of the defendant has indicated to counsel the intent to proceed today. There is no plea agreement in [this] case . . . .

Accordingly, the State made a recommendation that Tucker should be incarcerated more than the fifteen years agreed to in the plea agreement. Tucker's attorney did not challenge the State's assertion that Tucker had breached the plea agreement and that it was therefore no longer in effect, nor did counsel object to the State's sentencing recommendation. Without holding a hearing on the status of the plea agreement, the court proceeded with sentencing and sentenced Tucker to twenty-four years' imprisonment on the armed robbery charge, which was comprised of twelve years' initial confinement and twelve years' extended supervision, and to a consecutive sentence of twelve years' imprisonment on the aggravated battery charge, which was comprised of seven years' initial confinement and five years' extended supervision.

¶ 4. Tucker moved the court for postconviction relief on the basis that his trial counsel was ineffective in failing to object to the State's failure to comply with the plea agreement. The court denied Tucker's motion. Tucker appeals.

## DISCUSSION

¶ 5. Tucker seeks to withdraw his plea, claiming that his trial counsel was ineffective for failing to raise appropriate challenges relating to the State's alleged breach of the plea agreement. As part of the plea agreement, the prosecutor agreed to "cap" her prison time recommendation at fifteen years. However, at sentencing, the prosecutor took the position that Tucker breached the plea agreement by failing to appear at the November 21, 2008 sentencing hearing and therefore recommended a prison sentence in excess of the fifteen years previously agreed to. Tucker argues that his trial counsel should have disputed the State's position that Tucker's continued compliance with the condition of his bail was a part of the plea agreement. Alternatively, Tucker argues that, if bond compliance was part of the plea agreement, his trial counsel should have objected to the court's failure to hold an evidentiary hearing to determine first whether Tucker had breached the plea agreement, and second whether any breach was material and substantial.

¶ 6. In order to obtain a hearing on a postconviction motion, a defendant must allege sufficient material facts to entitle him or her to the relief sought. *State v. Allen*, 2004 WI 106, ¶¶ 9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. Our review of the sufficiency of a postconviction motion is *de novo. Id.*, ¶¶ 9, 27. Because Tucker

has framed his postconviction claims within the context of ineffective assistance of counsel, Tucker's postconviction motion must allege facts that, if true, establish that counsel's performance was deficient and that Tucker was prejudiced by the deficient performance. *See State v. Swinson*, 2003 WI App 45, ¶ 58, 261 Wis. 2d 633, 660 N.W.2d 12. To show deficient representation, a defendant must point to specific acts or omissions by the lawyer that lie "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). To show prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Our review of an ineffective assistance of counsel claim presents mixed questions of law and fact. *See State v. Johnson*, 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990). A circuit court's findings of fact will not be disturbed unless they are clearly erroneous. *Id.* Its legal conclusions whether the lawyer's performance was deficient and, if so, prejudicial, are questions of law that we review de novo. *Id.* at 128.

### A. Terms of the Plea Agreement

■

¶ 7. Tucker contends that his trial counsel was ineffective because counsel should have challenged the State's assertion that compliance with the terms of his bond was part of the plea agreement. According to Tucker, the terms of the plea agreement set forth on the record and accepted by him and the court did not include any reference to bond compliance. Tucker asserts that the prosecutor's statement to the court at the end of the plea hearing regarding Tucker's compliance with his bond conditions was an amendment to the plea

agreement, which was neither accepted by Tucker nor affirmatively adopted by the court. We disagree.

¶ 8. The circuit court found that all the parties to the plea agreement understood Tucker's continued compliance with his bond conditions to be part of the plea agreement, and not a unilateral amendment of that agreement by the State. The record supports this finding. In addition, it is clear from our review of the record that the prosecutor did not, as Tucker claims, unilaterally amend the plea agreement by adding bail compliance as a condition of the agreement. Instead, the prosecutor clarified to the court the parties' understanding that bail compliance was a condition of the plea agreement which he and defense counsel mistakenly failed to make part of the record earlier in the proceeding.

¶ 9. At the hearing on Tucker's postconviction motion, Tucker's trial counsel testified that in a case such as Tucker's, where confinement is anticipated, he would expect the defendant's bond to be revoked upon entering his or her plea and that the defendant would be placed in custody pending sentencing. Counsel testified that remaining outside of custody on bond pending sentencing was "very important" to Tucker, so he negotiated with the State for Tucker to remain free on bond pending sentencing, but that Tucker "would, of course, be expected while out on bond to comply with the conditions of bond and not commit any new offenses." Counsel testified that he and Tucker understood that if Tucker did not comply with the conditions of his bond, the failure to do so would affect only the sentencing cap agreed to by the State, not in the refiling of those charges dismissed as part of the plea. Counsel further testified that he explained the bond compliance

contingency on the sentencing recommendation cap to Tucker "both prior to the hearing, during the hearing, and after the hearing."

¶ 10. We also read Tucker's brief on appeal as taking issue with the fact that the circuit court in this case did not make an explicit statement on the record "adopt[ing] the 'bond compliance' condition" as part of the plea agreement. Tucker argues that *State v. Rivest*, 106 Wis. 2d 406, 411–412, 316 N.W.2d 395 (1982), "emphasizes the need for judicial approval of the terms of the plea agreement." He seems to be suggesting that because the circuit court in the present case did not give some affirmative statement at the hearing acknowledging that Tucker's compliance with his bail conditions was part of the plea agreement, the court did not approve that condition. However, *Rivest* does not, as Tucker seems to suggest, require a court to make an explicit statement approving each and every condition of a plea. *Rivest* discussed generally the standard for setting aside a judicially approved plea agreement and the procedure to be applied when the State seeks to vacate a plea agreement when a defendant has commenced serving his sentence. *See id.* It did not discuss the appropriate procedure for accepting the terms of an initial plea.

¶ 11. In summary, the record supports the circuit court's finding that all parties to the plea agreement understood Tucker's continued compliance with his bond conditions to be part of the plea agreement, and not a unilateral amendment to that agreement by the State. Tucker's trial counsel could not be deficient for failing to raise an objection over the State's alleged unilateral amendment of the plea agreement when that simply was not the case. Accordingly, we conclude that Tucker has not shown that defense counsel was defi-

cient in failing to raise any objection relating to the issue of whether bond compliance was a part of the plea agreement.

### B. Evidentiary Hearing

■

¶ 12. Tucker contends that his trial counsel was ineffective for failing to object to the circuit court's failure to hold an evidentiary hearing to determine first whether Tucker breached the plea agreement, and second, whether any breach on his part was material and substantial. Tucker claims that under *Rivest*, an evidentiary hearing on those issues is always required and that in order for the State to be released from any of its obligations under the plea agreement, the court must make a finding on the record that the agreement was breached by Tucker and that his breach was material and substantial. According to Tucker, "only the court may decide if the defendant 'screwed up' and if that 'screw up' amounts to a material and substantial breach." We disagree.

¶ 13. In *Rivest*, the supreme court discussed the appropriate procedures and standards for vacating a plea agreement previously approved by a court. Quoting a Nevada supreme court case, the supreme court stated:

> [W]hen the prosecution contends that it should be released from its obligations under a plea bargain because of an alleged breach of the agreement by the defendant, an evidentiary hearing is required to determine whether the defendant actually breached the agreement, and, if so, whether the breach is sufficiently material to warrant releasing the prosecution from its promises.

*Id.*, 106 Wis. 2d at 411 (citation omitted). The su-

preme court explained the rationale for this requirement:

> [I]n a plea bargain the government's obligation to make a recommendation arises only if defendant performs his obligation . . . but the question whether defendant did in fact fail to perform the condition precedent is an issue not to be finally determined *unilaterally* by the government, but only on the basis of adequate evidence by the Court which . . . judicially approved the bargain as meeting governing standards. There would be manifest impropriety in permitting the government, without satisfying a judge that the evidence proves that a defendant broke his promise, to escape from the obligation the government undertook in the plea bargain.

*Id.* at 411–12 (emphasis added).

¶ 14. *Rivest*, however, concerned a situation in which the State and the defendant disputed whether the defendant breached the plea agreement. In the present case, there was no such dispute. Both the State and Tucker's trial counsel agreed that by failing to appear at the November 21, 2008 sentencing hearing and, as a result, being charged with felony bail jumping, Tucker violated the conditions of his bond, and therefore the plea agreement.[2] Both the State and defense counsel agreed that Tucker's breach of the plea agreement was material and substantial enough that the State was no longer bound by the originally agreed upon fifteen year sentencing recommendation cap. We find no support in *Rivest*, and Tucker cites us to none, for the proposition that a circuit court must hold an evidentiary hearing to determine whether a defendant has materially and substantially breached a plea agreement when the defendant concedes such a breach.

[2] Tucker does not dispute that he violated the conditions of his bond, and in fact, entered a guilty plea to that charge at a separate plea hearing.

234

¶ 15. We thus conclude that Tucker has failed to show that his trial counsel was deficient in failing to object to the circuit court's failure to hold an evidentiary hearing on the issue of whether Tucker materially and substantially breached the plea agreement.[3]

¶ 16. Furthermore, even if a hearing under *Rivest* would have been warranted, the circuit court found that Tucker's trial counsel had a justifiable reason for not seeking a hearing. The court found that Tucker's trial counsel testified that he believed that seeking to withdraw Tucker's pleas in their entirety was not in Tucker's best interest because there were other charges against Tucker that were dismissed as part of the plea. However, if plea negotiations were reopened or Tucker's plea was withdrawn, the State might seek to proceed with those charges against Tucker. We agree with the circuit court that counsel was not deficient for proceeding in a manner counsel perceived to be in Tucker's best interest.

## CONCLUSION

¶ 17. For the reasons discussed above, we affirm.
*By the Court.*—Judgment and order affirmed.

---

[3] Tucker's appellate argument is limited to the issue of whether the circuit court was required to hold an evidentiary hearing to determine whether he breached the plea agreement in a material and substantial manner. He does not maintain that, assuming bail compliance was a condition of the plea agreement, his failure to comply with that condition was not a material and substantial breach. Accordingly, we do not address the issues of whether Tucker's conduct breached the plea agreement and whether that breach was material and substantial.