PER CURIAM.
¶1 Mariano Cabrera appeals his judgments of conviction and an order denying his postconviction motion for resentencing in these consolidated appeals. On appeal, Cabrera argues that he received ineffective assistance of counsel and should be granted a new sentencing hearing. We reject Cabrera's argument and affirm the judgments and order of the circuit court.
¶2 Cabrera was charged in Dane County Circuit Court case number 2014CF2256 with one count of sexual assault of a child. See WIS. STAT. § 948.02(2) (2013-14).[1] The victim in that case was a friend of Cabrera's daughter. In a second Dane County case, 2015CF1374, Cabrera was charged with twelve felonies arising out of sexual contact with his own daughters. The two cases were consolidated, and Cabrera pled guilty to one count of sexual assault in 2014CF2256. In 2015CF1374, he pled guilty to one count of second-degree sexual assault, one count of felony bail jumping, one count of repeated sexual assault of a child, and one count of incest. See WIS. STAT. §§ 940.225(2)(a), 948.025, 948.06(1).
¶3 Pursuant to the plea agreement, the parties were free to argue as to sentencing. The court ordered a presentence investigation report (PSI), in which the Department of Corrections recommended sentences totaling thirty-six to thirty-eight years of initial confinement and fourteen to sixteen years of extended supervision for the four sexual crimes, and three years of probation for bail jumping. At the sentencing hearing, the court stated that it had reviewed the PSI. The court also heard from two witnesses who spoke on Cabrera's behalf. The State recounted Cabrera's offenses in its argument and recommended that Cabrera should be sentenced to a total of eighty years of initial confinement and sixty years of extended supervision in the two cases. The prosecutor asked for "a sufficient number of consecutive prison terms that this defendant will die in prison."
¶4 The court then heard argument from defense counsel, who acknowledged that the offenses were grave. In case number 2014CF2256, defense counsel argued that the court should impose two and a half years of initial confinement and one and a half years of extended supervision. In case number 2015CF1374, defense counsel made the following recommendations: three and a half years of initial confinement followed by one and a half years of extended supervision for second-degree sexual assault, consecutive to the sentence in case number 2014CF2256; twelve months of concurrent jail time for bail jumping; four years of initial confinement and seven years of extended supervision for repeated sexual assault, consecutive to all other counts but concurrent with the sentence imposed on the incest count; and four years of initial confinement and seven years of extended supervision on the incest count. The individual sentences recommended by defense counsel added up to a total of ten years of initial confinement and ten years of extended supervision. However, defense counsel concluded his argument by stating that he was asking for a "15-year sentence." The court ultimately sentenced Cabrera to a total of twenty-five years of initial confinement and twenty-five years of extended supervision.
¶5 Cabrera filed a postconviction motion for resentencing, arguing that his counsel was ineffective for failing to present a cogent sentencing recommendation. The court held a hearing on the motion. The parties stipulated that Cabrera's counsel did not have a strategic reason for the inconsistency in his sentencing recommendations, that it was a mistake, and that defense counsel had intended to argue for a total sentence equaling ten years of initial confinement and ten years of extended supervision. After hearing arguments, the circuit court denied Cabrera's motion on grounds that Cabrera was not prejudiced by the error. Cabrera now appeals.
¶6 A defendant claiming ineffective assistance of counsel must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground. See id . A claim of ineffective assistance of counsel presents a mixed question of law and fact. State v. Johnson , 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990). We will not overturn the circuit court's findings of fact unless clearly erroneous. Id. Whether counsel's performance was deficient and prejudicial are questions of law that we review independently. Id. at 128.
¶7 In this case, we will assume, without deciding, that counsel's performance at the sentencing hearing was deficient. However, we affirm, as did the circuit court, on the prejudice prong of the Strickland test. To prove prejudice, a defendant must show that, but for counsel's unprofessional errors, a reasonable probability exists that the result of the proceeding would have been different. Id. at 694. Cabrera cannot do so here.
¶8 The sentencing transcript makes clear that the circuit court considered Cabrera's offenses to be serious ones, and that a lengthy prison sentence was "totally justified." The court stated that there was "no question" the most important factor in this case was the gravity of the offense - that it was the driving factor. The court also stated that "almost every negative aspect" he could think of in terms of gravity of the offense applied in this case, and that Cabrera's actions were "selfish, inexcusable acts which undoubtedly greatly affected" the child victims. The sentencing transcript reflects that protection of the public was the next most important factor. The court stated that a "long term of imprisonment" was required for Cabrera, and that the sentence handed down "may end up being a sentence which will have him in prison till he dies."
¶9 Cabrera argues in his appellant's brief that, had his counsel's recommendation been clear, the court may have considered a sentence lower than that which it imposed. However, the circuit court dismissed such a notion at the postconviction motion hearing, stating, "Truthfully, I don't remember if I even caught that there was a discrepancy between his 10- and 15-year calculations. My sentence was substantially higher than either one of those, whether it's 15 years or 10 years." The court reiterated that the driving sentencing factor was the gravity of the offenses, and that whether defense counsel asked for ten years or fifteen years of initial confinement "would not have made any difference." Based on the record, we agree, and we affirm the circuit court on the grounds that Cabrera cannot satisfy the prejudice prong of a claim for ineffective assistance of counsel.
By the Court.-Judgments and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

All references to the Wisconsin Statutes are to the 2013-14 version unless otherwise noted.