# COURT OF APPEALS
# DECISION
# DATED AND FILED

## November 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1357-CR**

Cir. Ct. No. 2017CF2456

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

QUINCY D. MOORE,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JANET C. PROTASIEWICZ, Judge. *Affirmed.*

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Quincy D. Moore appeals his judgment of conviction for three drug charges and two felon in possession of a firearm charges with various penalty enhancers. He also appeals the trial court's order denying his motion for postconviction relief without a hearing. Moore argues that an allegedly biased juror served on the jury panel that convicted him and that the trial court erred when it allowed this juror to continue to serve and that his trial counsel provided ineffective assistance by not objecting to the allegedly biased juror. We disagree and, accordingly, we affirm.

## BACKGROUND

¶2 In December 2018, Moore and a co-defendant were tried for multiple charges of drug possession, drug dealing, and felon in possession of a weapon. On the fourth day of trial, the court received a note from Juror No. 25 that stated:

> I feel it is my duty to report a comment made by a juror in the juror room on Wed AM (12/12). I found this comment to be very inappropriate, offensive, and may suggest that the juror is not fair and impartial. Comment made (as attempt at humor): "We're in a hangin' mood" [sic] Comment made by Juror #27. (cannot confirm juror number). No one replied to the comment.

¶3 The trial court discussed with the parties options on how to proceed, offering that the court could: "generally tell the jury not to make any comments about the case"; directly question the juror who submitted the note—Juror No. 25—but "that might make things a little more awkward for him going back into the jury room"; or directly question the juror named in the note—Juror No. 27. The court then asked "[w]hat suggestions do the attorneys have as to how I should handle this?" The State suggested a curative instruction and argued that the phrase was "ambiguous." The attorney for Moore's co-defendant disagreed

that the phrase was ambiguous, stating it only had "negative implications" for the defendants. He suggested the court poll the jurors individually. Moore's trial counsel stated that she believed "this is a clearly inappropriate racially-charged comment"; "we have 12 remaining jurors" so the case "can go forward"; but "this person needs to be thrown off the jury." Because the jurors were not wearing juror stickers with their numbers, the court and the attorneys were uncertain if Juror No. 25 could identify the person who allegedly made the statement.

¶4    The trial court noted that "we all know who Juror [No.] 27 is. In the event that Juror [No.] 25 got the right juror, maybe we bring in Juror [No.] 27." The court then called Juror No. 27 from the jury room and addressed him in the courtroom on the record:

> [THE COURT:] I received a note from one of the other jurors that a juror—and they thought it was Juror 27—made a comment that upset that juror, indicating a comment that they believed was made as an attempt at humor in the jury room about the case, quote: We're in a hanging mood …. Was that you?
>
> JUROR NO. 27: Pardon me?
>
> THE COURT: Did you say to the rest of the jury we're in a hanging mood?
>
> JUROR NO. 27: No.
>
> THE COURT: No, that wasn't you?
>
> JUROR NO. 27: No.
>
> THE COURT: Did you hear anybody else say that?
>
> JUROR NO. 27: No.
>
> THE COURT: No. All right.

None of the attorneys had any questions for Juror No. 27.

¶5    After sending Juror No. 27 back to the jury room, the court stated "Juror No. 27 indicates he hasn't made the comment. I am going to admonish all the jurors to please not make any comments, and we'll take it from there." When the jurors were again seated in the courtroom, the court explained it had received a note from one of the jurors:

> The [] note from the juror concerned me. It indicated that the juror was concerned that another juror made a comment that appeared to be very inappropriate and might suggest that one of the jurors is not being fair and impartial. I'm not sure which juror made the potential comment. And this juror can't—was unable to confirm the juror number of the person who made the comment, so all I'm going to ask all of you is be careful when you're in the jury room not to say anything that indicates that you potentially prejudged the case.
>
> You haven't heard all of the evidence. Keep an open mind, and don't start talking about the case or deliberating until 12 of you are selected after the deliberations begin.

¶6    After the trial court gave the curative instruction to the jurors, the case proceeded and the jury returned guilty verdicts on five of the six charges Moore faced.[1] In April 2019, the court imposed a twenty-six year sentence, evenly bifurcated between his term of initial confinement and extended supervision.

---

[1] Moore was found guilty of: (1) possession with intent to deliver a controlled substance, cocaine (>5-15 grams), using a dangerous weapon, as a second or subsequent offense, as a party to a crime; (2) possession with intent to deliver a controlled substance, heroin (>3-10 grams), using a dangerous weapon, as a second or subsequent offense, as a party to a crime; (3) possession of THC as a second or subsequent offense; and (4) two counts of possession of a firearm by a felon with the habitual criminality repeater penalty enhancers. Moore was acquitted on a charge of manufacture or delivery of controlled substance, heroin (<3 grams) as a second or subsequent offense for an alleged controlled buy by a police confidential informant.

¶7      In March 2020, Moore moved for postconviction relief on the grounds of juror bias and ineffective assistance of counsel. The trial court denied his motion without a hearing in August 2020. Moore appeals.

## DISCUSSION

¶8      Moore argues that his right to an impartial jury was violated when the trial court failed to identify and remove the juror who allegedly said, "we're in a hangin' mood." He argues that the trial court's curative instruction was insufficient to cure the prejudice caused by the allegedly biased juror and that we should grant him a new trial. Additionally, he argues that trial counsel provided ineffective assistance of counsel for failing to further investigate and seek to remove the allegedly biased juror. Moore seeks a *Machner*[2] hearing to address trial counsel's performance.

¶9      We begin with Moore's arguments that the trial court erred in allowing an allegedly biased juror to serve on the deliberating jury panel. A defendant has a constitutional right to an unbiased jury. *See State v. Brunette*, 220 Wis. 2d 431, 439, 583 N.W.2d 174 (Ct. App. 1998); *see also* WIS. STAT. § 805.08 (2019-20).[3] The "trial court has the discretion to remove a juror for cause during a trial proceeding." *State v. Gonzalez*, 2008 WI App 142, ¶20, 314 Wis. 2d 129, 758 N.W.2d 153.

---

[2] *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶10     Moore argues that a juror who said, "we're in a hangin' mood" is not impartial or "indifferent to the case," and must be excused pursuant to WIS. STAT. § 805.08(1).  Moore contends that the trial court could have taken more steps to identify the juror who made this statement by speaking directly to Juror No. 25 or by polling all of the jurors.  Moore asserts that the allegedly biased juror participated in rendering the verdict and that the juror interviewed by the trial court, Juror No. 27, was "probably not even the one who made the comment." However, he offers no substantiation from the record for these speculative comments.

¶11     "It is presumed that a properly given admonitory instruction is followed" by the members of the jury.  *See State v. Leach*, 124 Wis. 2d 648, 673, 370 N.W.2d 240 (1985).  "Where a trial court gives the jury a curative instruction, the appellate court may conclude that such instruction erased any possible prejudice, unless the record supports the conclusion that the jury disregarded the trial court's admonition."  *State v. Bembenek*, 111 Wis. 2d 617, 634, 331 N.W.2d 616 (Ct. App. 1983).  Here, the trial court reminded the jurors to be careful of what they say in the jury room and to keep an open mind.  Moore, however, ignores the law on curative instructions, offering only a broad conclusion that "the so[-]called curative instruction did not cure anything" and was "grossly insufficient[.]"  Further, Moore has not raised any facts from the record, but instead, only offers speculation, to show that the jurors did not follow the court's instructions.  Absent a showing in the record that the "hangin' mood" comment affected the jury's findings, we conclude that the trial court's curative instruction "erased any possible prejudice" to Moore in these proceedings.  *See id.*

¶12     Next we turn to Moore's claim of ineffective assistance of counsel. Moore argues that trial counsel failed to investigate the identity of the juror who

6

made the comment. To prove ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the defendant was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel's conduct is constitutionally deficient if it falls below an objective standard of reasonableness." *State v. Thiel*, 2003 WI 111, ¶19, 264 Wis. 2d 571, 665 N.W.2d 305. To satisfy the prejudice inquiry, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court need not address both aspects of the *Strickland* test if the defendant does not make a sufficient showing on either one. *See State v. Johnson*, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990).

¶13     The State contends that Moore's counsel vigorously argued that the juror who made the remark should be discharged. The record reflects that trial counsel immediately described the comment as "clearly inappropriate" and "racially-charged[.]" Trial counsel argued that the person who made the comment was not qualified to serve on the jury and "should be thrown off[.]" However, after the trial court offered various ways the court and parties could address the issue, it heard the attorneys input, and outlined how it would proceed, including issuance of a curative jury instruction. Moore's counsel objected. In our analysis of the trial court's response to the allegation of juror bias, we concluded that the court's exercise of discretion was reasonable. "It is not deficient performance for counsel not to make a pointless objection." *State v. Cameron*, 2016 WI App 54, ¶27, 370 Wis. 2d 661, 885 N.W.2d 611. Therefore, trial counsel was not deficient for failing to continue to object.

¶14     Because we have established that trial counsel's performance was not deficient, we need not analyze prejudice. *See **Johnson***, 153 Wis. 2d at 128. Accordingly, Moore's claim of ineffective assistance of counsel fails.

**CONCLUSION**

¶15     We conclude that Moore's claims fail. Moore has not shown that the jury failed to follow the trial court's curative instruction made in response to the allegation of jury bias. Therefore, if there was any error in the way the trial court addressed the alleged juror bias claim, any possible prejudice was cured by the court's curative instruction. Additionally, Moore's claim that trial counsel was ineffective similarly fails. Trial counsel was not deficient for failing to pursue a pointless objection after the court decided to offer a curative instruction. Therefore, we affirm Moore's judgment of conviction and the trial court's order denying his motion for postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.