STATE, Respondent, v. WATSON, Appellant.

*No. State 86. Argued March 5, 1970.—Decided March 31, 1970.*
(Also reported in 175 N. W. 2d 244.)

494

For the appellant there was a brief and oral argument by *Jerome F. Pogodzinski* of Milwaukee.

For the respondent the cause was argued by *Michael Ash,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

BEILFUSS, J. The defendant raises the following issues:

1. Was the defendant entitled to a second *Goodchild* hearing before allowing a second police officer to testify to admissions already approved for his partner's testimony?

2. Did the trial court err in admitting the state's rebuttal evidence?

The defendant concedes in his brief that there was no error in the trial up to the point at which the defense rested. All allegations of error are predicated upon the state's rebuttal testimony. The first ground set out is that it was error for the trial court to deny the defendant's request that another *Goodchild* hearing be held in the absence of the jury before allowing Officer Lund to testify in rebuttal.

During the state's case-in-chief such a hearing was held before allowing Officer Kohnert to testify regarding the

admissions. That hearing complied with the standards of *State ex rel. Goodchild v. Burke, supra,* in all respects. The procedure for such a hearing was delineated in *Goodchild,* pp. 264, 265, as follows:

"In the interest of better administration of criminal justice we suggest that wherever practicable the prosecutor should within a reasonable time before trial notify the defense as to whether any alleged confession or admission will be offered in evidence at the trial. We also suggest, in cases where such notice is given by the prosecution, that the defense, if it intends to attack the confession or admission as involuntary, notify the prosecutor of a desire by the defense for a special determination on such issue.

"At the hearing on the issue, the trial judge sitting alone shall make a determination upon a proper record upon the issue of voluntariness. The state shall have the burden of proving voluntariness beyond a reasonable doubt. At this hearing the defendant may take the stand and testify for the limited purpose of making a record of his version of the facts and circumstances under which the confession was obtained. By so doing, the defendant does not waive his right to decline to take the stand in his own defense on the trial in chief. Neither does he waive any of the other rights stemming from his choice not to testify.

"Following the hearing the trial judge shall make his determination as to the voluntariness of the confession which determination is upon a question of constitutional fact and shall be supported by findings of fact and conclusions of law. If the confession is held voluntary and admitted, the jury's consideration of that confession and surrounding circumstances shall proceed in accordance with the 'orthodox' procedure."

An examination of the decision in *Goodchild* makes it obvious the critical determination sought by the hearing there prescribed is the *voluntariness* of the admission. It makes little difference who heard the defendant's statement, or who reported it. The record shows Officer Lund was the partner of Officer Kohnert at the time of the

arrest and the statements, and no matters were inquired into which were not approved at the first hearing.

No contention is made by the defendant that the ruling at the first *Goodchild* hearing was erroneous. Once the voluntariness of Watson's admission to the arresting officers was determined there was no need to go through the procedure again before the second officer could testify.

This court reiterated the standard to be applied in governing rebuttal testimony in *Rausch v. Buisse* (1966), 33 Wis. 2d 154, 167, 146 N. W. 2d 801:

"The general rule is that the plaintiff, in his rebuttal, may only meet the new facts put in by the defendant in his case in reply. This rule is not inflexible and the court may in its discretion allow or refuse to receive such evidence. An exception is generally made when the evidence is necessary to achieve justice."

As pointed out in *Rausch,* the trial court has considerable discretion in controlling the evidence to be admitted in rebuttal. The latitude of such discretion is discussed in 2 Underhill's, *Criminal Evidence* (5th ed., 1969 Supp.), pp. 407, 408, sec. 547:

". . . By rebutting evidence is meant evidence which squarely meets and controverts some affirmative fact or facts which the adversary has attempted to prove. Evidence which is admissible in chief is not rebuttal evidence. However, the court has wide latitude in the admission of rebuttal evidence. . . . Whether evidence which could have been admitted as part of the prosecution's case in chief may be received in rebuttal lies within the discretion of the court. Sometimes the defendant will open the door to rebuttal evidence. . . . New matter brought out on rebuttal may be met by the accused on surrebuttal."

The treatises on this subject are basically in agreement on the wide scope of matters that the trial court's discretion may encompass. In 3 Wharton's, *Criminal Evidence*

(12th ed.), "rebuttal evidence" is discussed at pp. 330–332, sec. 913:

"A witness may be contradicted by the party against whom he has been called, by evidence of a contrary state of facts. The witness may be contradicted on a material point by the testimony of other witnesses showing such a contrary state of facts, in order to show that his statements were false and thus impeach his credibility.

"It is proper to admit evidence of any acts or circumstances which are inconsistent with the relevant testimony of the witness. Any evidence, otherwise proper, which in any respect tends to contradict the witness, is admissible for this purpose.

". . .

"The determination of what is admissible on rebuttal is primarily for the discretion of the trial court. The court may even admit in rebuttal evidence which should have been introduced upon the examination in chief, provided the adverse party is allowed to reply thereto. The appellate court will not reverse the action of the trial court in admitting rebuttal evidence, in the absence of a clear abuse of discretion."

Our examination of the record shows the testimony of all six witnesses rebutted the defendant's testimony or inferences therefrom. We hold the trial court did not abuse its discretion in permitting this evidence to be heard by the jury. We find no prejudicial error; the evidence amply justifies the conviction of the defendant.

*By the Court.*—Judgment affirmed.