STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael GERSHON, Defendant-Appellant.

Court of Appeals

*No. 82-1582-CR. Submitted on briefs February 21, 1983.—Decided June 3, 1983.*
(Also reported in 337 N.W.2d 460.)

For the defendant-appellant the cause was submitted on the briefs of *Michael Yovovich,* first assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and W. L. Jackman, Reserve Judge.

W. L. JACKMAN, Reserve Judge.   Defendant appeals from a judgment of conviction for two counts of first-degree sexual assault in violation of sec. 940.225 (1) (d), Stats., and from an order denying his motion for post-conviction relief. Defendant claims he was denied a fair trial by the admission into evidence of three statements which did not fall within the hearsay exception of sec. 908.01 (4) (a) 2, Stats. We affirm.

The prosecution was based on the testimony of a nine-year-old male child that defendant had sexually assaulted him. Defendant, a member of Big Brothers, had been assigned to befriend the child. It was claimed that the acts in question occurred on two separate occasions at defendant's apartment after defendant and the child swam in the apartment pool. During their relationship, defendant had corrected the child for some acts of misconduct and had told the child's mother of those acts. This had angered the child. At the time of the second alleged incident, the child's mother was away on vacation and the child was being cared for by his grandmother.

At trial, the defendant testified to an unsolicited touching of his penis by the child. The child testified to the sexual assaults. On cross-examination of the child, the defense implied that his testimony was prompted by an attempt to avoid parental discipline and was extensively prepared by the prosecution. In the course of the state's case the child's grandmother testified to what the child had told her on the day of the second alleged assault. Her testimony was similar to the child's. On rebuttal, the state was permitted to examine the child's uncle who testified to what the child told him on the evening of the second assault, a social worker who interviewed the child two days after the second assault, and a police detective who spoke to the child four days after the second assault. These statements were consistent with the child's testimony. It is the admission of this rebuttal testimony that defendant claims was prejudicial error.

Section 908.01 (4), Stats., defines statements which are not hearsay. A prior statement by a witness is not hearsay, under sec. 908.01 (4) (a), if the declarant testifies at the trial and is subject to cross-examination, if the statement is consistent with this testimony and if the

statement is offered to rebut "an express or implied charge against him of recent fabrication or improper influence or motive . . . ."

It is undisputed that the declarant testified and was subject to cross-examination at trial and that the statements at issue were consistent with this testimony. The sole issue is whether the statements rebut a charge of "recent fabrication" if they postdate the victim's motive to falsify. Defendant asserts that the statements were inadmissible and that he should be granted a new trial. The state asserts that the testimony was properly admitted.

We need not decide whether prior consistent statements that postdate an alleged motive to falsify fall outside the exception of sec. 908.01(4)(a), Stats., and are thus excludible. Because the challenged testimony was offered on the issue of the child's credibility, it is not hearsay evidence. Hearsay is "a statement . . . offered in evidence to prove the truth of the matter asserted." Sec. 908.01(3).

The Judicial Council Committee's Note makes clear that the statute modifies the common law to allow the use of prior consistent statements for substantive purposes:

Prior consistent statements offered to rebut an express or implied charge of recent fabrication or improper influence or motive have been admissible in Wisconsin, at least where the charge is express. . . . However, the rule would modify Wisconsin law by making the evidence substantive. Although there are no Wisconsin cases that address themselves to an implied charge of recent fabrication or improper influence or motive *the admissibility of prior consistent statements after an inference of such a charge is consistent with the common law.* Wigmore, [secs.] 1126 to 1132. [Citations omitted; emphasis supplied.]

Wis. Stats. Ann. sec. 908.01 (1975) (Judicial Council Committee's Note—1974).

The common law use of such statements to rebut a charge of recent fabrication is not a substantive use. *McCormick on Evidence*, sec. 49, n. 86 (2d ed. 1972), states "when the sole purpose of introducing the prior statement is to support the credibility of the witness, it is not 'substantive' evidence." Substantive evidence is "[t]hat adduced for the purpose of proving a fact in issue, as opposed to evidence given for the purpose of discrediting a witness . . . or of corroborating his testimony." *Black's Law Dictionary* 1281 (5th ed. 1979). *See also United States v. Rubin,* 609 F.2d 51, 66–70 (2d Cir. 1979) (Friendly, J., concurring), affd., 449 US 424 (1981).

Defendant argues that such a statement has no probative value to rebut a charge of recent fabrication. He alleges, in effect, that the evidence is irrelevant. We disagree.

The statements are relevant to the issue of the child's credibility. Relevant evidence is that "having any tendency to make the existence of any fact that if consequence to the determination of the action more probable or less probable than it would be without the evidence." Sec. 904.01, Stats. That the child's accounts of the assaults to four different people, over a period of five days were consistent is relevant to the issue of whether the child fabricated his story. The consistency tends to make it more likely than not that his account at the trial was true. The rebuttal testimony also tended to make it less likely that the child's testimony was the product of preparation by the prosecution. *Thomas v. State,* 92 Wis. 2d 372, 389–90, 284 N.W.2d 917, 926 (1979).

■

Relevant evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice. Sec. 904.03, Stats. Defendant implies that the inequity of allowing into evidence five versions of the child's story, in opposition to his one, substantially prejudiced him. Any possible prejudice resulting from this inequity was cured, however, by the trial court's limiting instructions. The court instructed the jury that the statements were only admitted, and were only to be considered, for the purpose of rebutting a charge or inference of recent fabrication, as follows:

Rebuttal testimony has been received regarding statements made to third parties after the incidents specified . . . . The fact that an individual tells a third person that a certain event occurred is not direct evidence of the event. The rebuttal testimony was offered to show prior consistent statements of the child and is only allowed, if consistent, for the purpose of rebutting any charge or inference that may have been raised by the defense that the testimony of [the child] as given here in court is the result of any recent fabrication or improper influence or motive. They are not to be considered by you for any other purpose. They are not of themselves evidence of the facts of the alleged criminal conduct.

■

Evidence which tends to contradict a witness' testimony and which is otherwise proper, is admissible on rebuttal. *Neely v. State,* 86 Wis. 2d 304, 313, 272 N.W. 2d 381, 385 (Ct. App. 1978), *affd.,* 97 Wis. 2d 38, 292 N.W.2d 859 (1980). We will not reverse the trial court's admission of rebuttal evidence in the absence of an abuse of discretion. *State v. Watson,* 46 Wis. 2d 492, 499–500, 175 N.W.2d 244, 248 (1970), quoting 3 Wharton's *Criminal Evidence,* sec. 913 (12th ed). Because the evidence

was not hearsay, was relevant, and was admissible rebuttal testimony, and because any prejudice was cured by the trial court's limiting instruction, we find no abuse of discretion.

We affirm both the judgment of conviction and the order denying defendant's request for a new trial.

*By the Court.*—Judgment and order affirmed.