PER CURIAM.
¶1 Brian Degorski appeals a judgment, entered upon a jury's verdict, convicting him of repeated sexual assault of a child. Degorski argues the circuit court erroneously exercised its discretion by admitting other acts evidence and testimony concerning prior consistent statements the victim made to a sheriff's deputy. We reject Degorski's arguments and affirm the judgment.
BACKGROUND
¶2 In June 2011, the State charged Degorski with repeated sexual assault of the same child, Kevin.[1] The State alleged the assaults occurred in 1999, when Kevin was eight years old. At that time, Kevin lived in a house with his mother, stepfather, and five siblings and stepsiblings. Kevin was the oldest child and shared a bedroom next to the living room with his six-year-old stepbrother. In the summer of 1999, Degorski, then twenty-five years old, lived in his van on the family's property and had access to the house.
¶3 According to the complaint, Degorski would enter the house late at night and move Kevin from his bedroom into the living room, where he would touch Kevin's genitals with his hands and mouth, and prompt Kevin to similarly touch Degorski's genitals. Kevin estimated the assaults happened a minimum of ten times during that summer, with one assault occurring in a camper that was parked outside of the house. On that occasion, members of Kevin's family were asleep in the camper when Degorski was alleged to have sexually assaulted Kevin under a blanket, while the two were lying on the floor of the camper. Degorski moved from the family's property in 1999 or 2000, and Kevin reported the assaults to law enforcement in May 2011.
¶4 Over Degorski's objections, the circuit court granted the State's motion to present other acts evidence and also permitted testimony of prior consistent statements Kevin made to law enforcement when he initially reported the assaults. Degorski was convicted upon a jury's verdict of the crime charged and he was sentenced to sixteen years' imprisonment.[2] This appeal follows.
DISCUSSION
¶5 The admissibility of evidence lies within the circuit court's sound discretion. State v. Pepin , 110 Wis. 2d 431, 435, 328 N.W.2d 898 (Ct. App. 1982). We will uphold a circuit court's exercise of discretion if it examines the relevant facts, applies the proper legal standard, and uses a demonstrated rational process to reach a conclusion a reasonable judge could reach. State v. Sullivan , 216 Wis. 2d 768, 780-81, 576 N.W.2d 30 (1998). If a circuit court fails to articulate its reasoning, however, a reviewing court "independently review[s] the record to determine whether it provides a basis for the circuit court's exercise of discretion." Id. at 781.
A. Other Acts Evidence
¶6 The circuit court must engage in a three-step analysis to determine the admissibility of other acts evidence. Id. at 771-73. The first inquiry is whether the other acts evidence is offered for an acceptable purpose under WIS. STAT. § 904.04(2), such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id. at 772-73.
¶7 Second, the other acts evidence must be relevant. In assessing relevance, the circuit court must first consider whether the other acts evidence relates to a fact or proposition that is of consequence to the determination of the action. Id. at 772. The second consideration in assessing relevance is whether the other acts evidence has a tendency to make the consequential fact or proposition more probable or less probable than it would be without the evidence. Id.
¶8 Third, the probative value of the other acts evidence must not be substantially outweighed by the "danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Id. at 772-73. Moreover, Wisconsin recognizes that in child sexual assault cases, courts permit "greater latitude of proof as to other like occurrences." State v. Davidson , 2000 WI 91, ¶ 36, 236 Wis. 2d 537, 613 N.W.2d 606.
¶9 Here, the State sought to present evidence that Degorski had been convicted of sexually assaulting Wyatt,[3] his twelve-year-old roommate at the Homme Home for Boys, when Degorski was seventeen years old. The motion stated that Degorski and Wyatt were roommates for two or three weeks at the "closely supervised facility" and, during that period, Degorski and Wyatt rubbed each other's genitals on several occasions. Wyatt also claimed that on one occasion-the only incident he ultimately described at trial-Degorski pulled down Wyatt's underwear and fondled his genitals with the door to their room open while Wyatt was attempting to sleep. The State argued-and the circuit court agreed-that the evidence was admissible to show motive and intent-specifically, that Degorski was motivated by his sexual attraction to young boys and that he had the intent to engage in sexual contact with young boys, even when in danger of detection and in close proximity to others.
¶10 Next, the circuit court determined the evidence was relevant, given the similarities between the other acts and the currently charged acts, and the relatively short time frame between the offenses. Finally, acknowledging that it is a "balancing act," the court also determined that the probative value of the evidence outweighed its prejudicial effect. The court therefore concluded that, under the greater latitude rule, the evidence was admissible. The court later denied Degorski's motion for reconsideration.
¶11 On appeal, Degorski does not dispute that the State offered the evidence for permissible purposes. He also fails to develop any legitimate argument about the danger of unfair prejudice. Rather, Degorski argues the evidence is not relevant because it does not have a tendency to prove Degorski is sexually attracted to young boys. We disagree. The nature of the sexual contact was similar-fondling of genitalia. The victims were of similar ages, and both children were sexually assaulted under circumstances in which Degorski could have been easily caught.
¶12 Degorski nevertheless asserts that because he and Wyatt were both children and were so close in age at the time of the assaults that one cannot reasonably draw an inference that it was Wyatt's age that sexually aroused him. First, Degorski's attempt to draw a distinction between the eight-year-old Kevin and the twelve-year-old Wyatt is not persuasive. For purposes of the crime of sexual assault, our legislature has categorized twelve-year-old children the same as eight-year-old children. Sexual contact with a person who has not reached the age of thirteen is termed first-degree sexual assault and classified as a Class B felony. See WIS. STAT. § 948.02(1)(e).
¶13 Second, although the age difference was more marked in the sexual assault of Kevin, Degorski was tried as an adult in both cases. To the extent Degorski asserts that the emotional and maturity differences between a seventeen-year-old and a twenty-five year old are significant and militate against admitting the proffered evidence, the circuit court and the jury could reasonably infer that, given the age differences between Degorski and each victim, Degorski was sexually attracted to young boys. Evidence of Wyatt's sexual assault was offered for a permissible purpose; it was relevant to show Degorski's motive and intent in sexually assaulting Kevin; and its probative value substantially outweighed the danger of unfair prejudice. The circuit court therefore properly exercised its discretion in admitting the other acts evidence.
B. Prior Consistent Statements
¶14 Degorski also challenges the circuit court's decision to permit sheriff's deputy Jeffrey Stefonek's testimony about what Kevin told him when initially reporting the assaults. At trial, over defense counsel's objection on hearsay grounds, Stefonek testified: "[Kevin] described a man who temporarily lived on the property where their home was when he was a boy and that man sexually assaulted him several times over approximately a three month period one summer." Again over defense counsel's objection, the circuit court allowed Stefonek to describe the type of sexual contact Kevin reported, stating: "He described that he was instructed to touch [Degorski]'s penis with his hands and mouth." When the prosecutor asked Stefonek over what time frame Kevin said the sexual assaults occurred, defense counsel again objected and the jury was excused.
¶15 Although defense counsel argued that Stefonek's testimony constituted nothing more than bolstering Kevin's credibility, the prosecutor countered that the testimony was admissible as a prior consistent statement because Degorski had attacked Kevin's trial testimony as inconsistent with his preliminary hearing testimony. Specifically, defense counsel had emphasized differences in Kevin's testimony related to the number of assaults, when they happened, whether he told a friend about the assaults, and who was present during the assault in the camper. The prosecutor also argued that Stefonek's testimony laid the foundation for how he ultimately conducted his investigation of the charges. The circuit court overruled defense counsel's objection, explaining that "there was some attack on credibility as far as ... using the preliminary hearing I think there has been ... at least some information provided that it was inconsistent." The court also allowed Stefonek's testimony as "foundation" for his investigation.
¶16 On appeal, Degorski argues Stefonek's testimony was hearsay and did not meet the statutory requirements for admission of a prior consistent statement. Hearsay is "an out of court statement ... offered in evidence to prove the truth of the matter asserted." WIS. STAT. § 908.01(3). A statement is not hearsay, however, if the declarant testifies at trial, is subject to cross-examination concerning the statement, and the statement is "[c]onsistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive[.]" Sec. 908.01(4)(a)2. (emphasis added).
¶17 Degorski asserts Kevin's statements to Stefonek were inadmissible as prior consistent statements because the defense did not assert that Kevin had recently fabricated his allegations. Rather, the defense asserted that Kevin fabricated the allegations before he reported them to Stefonek. This argument, however, is off point because the circuit court admitted Stefonek's testimony regarding Kevin's prior consistent statements in response to credibility issues raised about the difference between Kevin's trial testimony as compared to his preliminary hearing testimony. Kevin's statements to Stefonek were therefore properly admitted as prior consistent statements to rebut the claim of recent fabrication during Kevin's trial testimony-in other words, the charge that Kevin's testimony had changed between the time of the preliminary hearing and the time of trial.
¶18 Moreover, prior consistent statements may be admitted if they are offered on the issue of a witness's credibility, rather than being offered as substantive evidence. State v. Gershon , 114 Wis. 2d 8, 11, 337 N.W.2d 460 (Ct. App. 1983). Because the challenged testimony was offered on the issue of Kevin's credibility, rather than to prove the truth of the matter asserted, it is not hearsay evidence. Finally, Degorski does not challenge the circuit court's conclusion that Stefonek's testimony was alternatively admissible as foundation for his investigation into the alleged crimes. Ultimately, the court examined the relevant facts, applied the proper legal standard, and used a demonstrated rational process to make a reasonable decision on the admissibility of the challenged evidence. We will not disturb that decision on appeal.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Pursuant to Wis. Stat. Rule 809.86(4) (2015-16), we use a pseudonym instead of the victim's name. All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Because the offenses occurred between May 1 and September 1, 1999, the circuit court imposed an indeterminate sentence. "Truth-in-sentencing" revisions were enacted in 1998 and are applicable to felonies committed on or after December 31, 1999. See 1997 Wis. Act 283, § 419.

We again use a pseudonym instead of the victim's name. See Wis. Stat. Rule 809.86(4).