

OFFICE OF THE CLERK
# WISCONSIN COURT OF APPEALS
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688
Telephone (608) 266-1880
TTY: (800) 947-3529
Facsimile (608) 267-0640
Web Site: www.wicourts.gov

## DISTRICT I

June 17, 2025

*To*:

Hon. Glenn H. Yamahiro
Circuit Court Judge
Electronic Notice

Anna Hodges
Clerk of Circuit Court
Milwaukee County Safety Building
Electronic Notice

Sarah Burgundy
Electronic Notice

Dustin C. Haskell
Electronic Notice

You are hereby notified that the Court has entered the following opinion and order:

2023AP1322-CR State of Wisconsin v. Dwayne Anthony Young
(L.C. # 2018CF2439)

Before White, C.J., Donald, P.J., and Geenen, J.

**Summary disposition orders may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

Dwayne Anthony Young appeals a judgment, entered upon a jury's verdicts, convicting him of two counts of first-degree sexual assault of a child younger than 12 years old.[1] He claims

---

[1] Before Young filed the instant appeal, he pursued a successful postconviction motion for sentence credit, and the circuit court entered an amended judgment of conviction reflecting the credit awarded. Young then appealed from the original judgment of conviction, and the State hints in its respondent's brief that the appeal therefore has a jurisdictional defect. According to the State, the amended judgment "reflects that the [original] judgment was not final and is no longer the document controlling Young's current conviction and confinement." Subsequent events, however, do not alter the finality of a judgment. *Fredrick v. City of Janesville*, 92 Wis. 2d 685, 688, 285 N.W.2d 655 (1979). Accordingly, at the conclusion of Young's postconviction litigation, he properly appealed from the judgment of conviction. *See* WIS. STAT. RULE 809.30(2)(j) (2023-24). There is no jurisdictional defect. All references to the Wisconsin Statutes are to the 2023-24 version.

that the circuit court erred by permitting the jury to watch an audiovisual recording of the victim's pretrial statement to a detective. Based upon a review of the briefs and record, we conclude at conference that this matter is appropriate for summary disposition. *See* WIS. STAT. RULE 809.21. The record shows that the videorecording was admissible under the residual hearsay exception, WIS. STAT. § 908.03(24). Therefore, we summarily affirm.

This case arose in May 2018, when D.R. was 14 years old. At that time, she disclosed that she had been sexually assaulted multiple times by her mother's ex-husband, Young. Upon hearing the allegations, D.R.'s mother, S.R., called the police. A few days later, Detective Joan Mueller conducted a videorecorded forensic interview with D.R. The State thereafter charged Young with two counts of first-degree sexual assault of a child younger than 12 years old, alleging that the assaults occurred during the period from November 15, 2012, through December 13, 2013.

At a pretrial hearing in August 2018, the circuit court considered whether D.R.'s videorecorded interview would be admissible at trial under WIS. STAT. § 908.08(3)(a)2. Pursuant to that statute, a circuit court conducting a criminal trial shall admit the audiovisual recording of a statement of a child who is available to testify if the child is at least 12 years old, the trial will begin before the child's 16th birthday, and the interests of justice warrant admission under a multifactor test set forth in § 908.08(4). The circuit court examined the statutory factors and concluded that D.R.'s recorded statement was admissible under § 908.08(3)(a)2.

Numerous adjournments delayed the start of the trial, which ultimately began in July 2022. By that time, D.R. was 18 years old. The parties therefore agreed at the outset of the trial that her recorded statement was no longer admissible under WIS. STAT. § 908.08(3)(a)2.

2

The State's first trial witness was Lynn Cook, who testified as an expert on child victims' delayed disclosure of their sexual abuse. D.R. testified next and described how Young twice had penis-to-vagina sexual intercourse with her while S.R. was working a night job and Young was babysitting D.R. and her brothers. Young, through counsel, cross-examined D.R. and asked her a series of questions regarding whether she had discussed her testimony with anyone. After D.R. denied any such discussions, the State moved to admit D.R.'s forensic interview. The State contended that, in light of the cross-examination questions, the recorded interview was admissible as a prior consistent statement. The circuit court took the matter under advisement.

S.R. then testified. S.R. told the jury that she began working a third-shift position in November 2012, and Young stayed at home with the children while she was working. S.R. said that Young moved out of the home in late November 2013, and she divorced him. Then in May 2018, D.R. revealed that Young had sexually abused her in the past. S.R. testified that prior to the disclosure, she had not known about the abuse but that during the period from 2012 through 2013, she noticed that D.R.'s behavior "changed." D.R. would not look at Young, she cried, and she seemed "scared."

After S.R. testified, the circuit court granted the State's motion to admit D.R.'s 2018 recorded interview. The circuit court concluded that the interview was D.R.'s prior consistent statement, offered by the State to rebut a claim of improper influence or motive. The State then presented the portion of the interview in which D.R. said that Young twice had penis-to-vagina sexual intercourse with her.

The jury found Young guilty as charged. He appeals, arguing that the circuit court erroneously admitted D.R.'s recorded interview.

A circuit court has broad discretion to admit or exclude evidence. *State v. Smith*, 2016 WI App 8, ¶10, 366 Wis. 2d 613, 874 N.W.2d 610. Our review of a circuit court's discretionary decision is deferential: "It is enough that the reasons for the court's conclusion indicate ... that the [circuit] court undertook a reasonable inquiry and examination of the facts and the record shows that there is a reasonable basis for the court's determination." *State v. Achterberg*, 201 Wis. 2d 291, 301, 548 N.W.2d 515 (1996) (citations and some punctuation marks omitted). We will uphold a circuit court's discretionary decision to admit evidence if we can discern a rational basis for that decision. *State v. Huntington*, 216 Wis. 2d 671, 681, 575 N.W.2d 268 (1998).

Young argues that D.R.'s recorded interview was not a prior consistent statement but was instead inadmissible hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is inadmissible at trial unless the statement fits within an applicable hearsay exception. WIS. STAT. §§ 908.01(3), 908.02. Not all out-of-court statements are hearsay. Pursuant to § 908.01(4)(a)2, an out-of-court statement is not hearsay if the statement is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive[.]" Young asserts that the circuit court erroneously admitted D.R.'s recorded forensic interview because it was an out-of-court statement that did not qualify as a prior consistent statement under § 908.01(4)(a)2. Young additionally examines the recorded interview in light of WIS. STAT. § 908.03(24), the residual hearsay exception, and he argues that the interview was also not admissible under that statute. He contends that the jury therefore improperly heard prejudicial hearsay evidence.

The State does not dispute that D.R.'s recorded interview fell outside the scope of WIS. STAT. § 908.01(4)(a)2., governing prior consistent statements. The State asserts, however, that the circuit court admitted the interview pursuant to *State v. Gershon*, 114 Wis. 2d 8, 337 N.W.2d

460 (Ct. App. 1983), which permits admission of a prior consistent statement "'to support the credibility of the witness,'" rather than as substantive evidence. *Id.* at 11-12. Thus, the State argues, the recorded statement did not need to satisfy the requirements of § 908.01(4)(a)2.; the evidence was admissible because it was relevant to support D.R.'s credibility. *Gershon*, 114 Wis. 2d at 11-12. The State further argues that, regardless of the authority provided by *Gershon*, the circuit court also could have properly admitted the evidence under the residual hearsay exception, WIS. STAT. § 908.03(24).

The record confirms that the State placed substantial reliance on *Gershon* during the trial proceedings and that the circuit court cited *Gershon* as one of the "primary cases" governing the question of whether to admit D.R.'s recorded statement. Young, however, did not discuss or cite *Gershon* in the appellant's brief that he filed in this court, addressing the case only in his reply brief.

The parties' arguments guide our approach here. In view of those arguments, we accept the parties' apparent agreement that D.R.'s recorded interview was inadmissible under WIS. STAT. § 908.01(4)(a)2. Further, given Young's failure to grapple appropriately with *Gershon*, we will set aside the question of whether the circuit court erred by relying on that case to admit the evidence. We instead begin by examining the issue that squarely divides the parties and that they thoroughly discuss in their respective submissions: the admissibility of the recorded interview under WIS. STAT. § 908.03(24), the residual hearsay exception. If we conclude that the video was admissible under § 908.03(24), analysis of any other potential basis for admissibility is not required. *See* **State v. Baudhuin**, 141 Wis. 2d 642, 648, 416 N.W.2d 60 (1987) (explaining that an appellate court is concerned with whether the circuit court reached the correct decision, not with the specifics of the circuit court's reasoning).

5

Preliminarily, we reject Young's suggestion that we should not entertain the State's arguments regarding WIS. STAT. § 908.03(24), because the State did not rely on that statute in the circuit court proceedings. Although normally we will not consider arguments that appellants raise for the first time on appeal, *State v. Bollig*, 222 Wis. 2d 558, 564, 587 N.W.2d 908 (Ct. App. 1998), the State is the respondent here. Accordingly, the applicable rule is that "a respondent may raise any defense to an appeal even if that defense is inconsistent with the stand taken at trial." *State v. Baeza*, 156 Wis. 2d 651, 657-58, 457 N.W.2d 522 (Ct. App. 1990). Accordingly, we turn to the question of whether the videorecording of D.R.'s 2018 statement could properly be admitted at trial under § 908.03(24).

WISCONSIN STAT. § 908.03(24) permits a court to admit as evidence an out-of-court "statement not specifically covered by any of the [other] exceptions [in § 908.03] but having comparable circumstantial guarantees of trustworthiness." *Id.* Admission of a child's videorecorded out-of-court statement is specifically covered under WIS. STAT. § 908.08(3), but only if the child is younger than 16 years old at the time of trial. Section 908.08(7) also addresses a child's videorecorded statement and permits a court to admit such a statement if it satisfies an exception to the hearsay rule. Therefore, when the exception in § 908.08(3) does not apply because, as here, the child who gave the statement is 16 years or older at the time of trial, we examine whether the recorded statement is admissible under the residual hearsay exception found in § 908.03(24). *See State v. Mercado*, 2021 WI 2, ¶55, 395 Wis. 2d 296, 953 N.W.2d 337.

A court examines five factors, first set out in *State v. Sorenson*, 143 Wis. 2d 226, 421 N.W.2d 77 (1988), to determine whether a child's recorded statement has the requisite circumstantial guarantees of trustworthiness to warrant admission under WIS. STAT.

6

§ 908.03(24). *Mercado*, 395 Wis. 2d 296, ¶56. The *Sorenson* factors are: (1) the attributes of the child, including age, level of comprehension, verbal ability, and knowledge of the difference between truth and falsehood; (2) the person to whom the statement was made, the person's relationship to the child, and the person's potential motivations to lie or distort the child's statement; (3) the circumstances under which the statement was made, including the relation to the time of the incident, the availability of a person in whom the child might confide, and other contextual factors relating to the statement's trustworthiness; (4) whether the statement contains any sign of deceit or falsity or reveals a knowledge of matters not ordinarily attributable to a child of similar age; and (5) the presence of other corroborating evidence, including physical evidence of assault, statements that the child made to others, and the defendant's opportunity or motive to commit the crime. *Id.*, 143 Wis. 2d at 245-46. When examining the factors, "[c]ourts are to consider the facts of each particular case and 'no single factor should be dispositive of a statement's trustworthiness.'" *Mercado*, 395 Wis. 2d 296, ¶56 (citation and brackets omitted).

As to the first *Sorenson* factor, the child's attributes, the recording shows that D.R. was able to communicate verbally and respond appropriately to the questions that the detective asked during the interview. The circuit court, which considered D.R.'s attributes in 2018 when it assessed admissibility of the recording under WIS. STAT. § 908.08(3), noted D.R.'s "very good" ability to communicate. Additionally, at the outset of the interview, D.R. answered a series of questions from the detective in a way that reflected an understanding of the difference between truth and falsehood and a recognition that lying could lead to negative consequences.

Young suggests that D.R.'s age is the key attribute here and that it weighs against admission of the recorded statement because D.R. was 14 years old when she was interviewed. Young points out that a 14-year-old, unlike a preschool-age child, is able to calculate the effect

of her statements, including the effect of making allegations against another person. Our supreme court, however, has specifically rejected a "bright-line rule" setting the upper limits of a child's age for purposes of assessing the trustworthiness required by WIS. STAT. § 908.03(24). *Huntington*, 216 Wis. 2d at 683-84 (concluding that an 11-year-old's recorded statement had circumstantial guarantees of trustworthiness). In this case, D.R.'s attributes, which include attaining an age sufficient to understand the importance of telling the truth and "very good" communication skills, favor admission.

Turning to the second *Sorenson* factor, we observe that D.R. gave her recorded statement to a detective. Nothing in the video or in the record suggests any basis or opportunity for the detective to fabricate or distort D.R.'s statement. Accordingly, this factor favors admission. *See Mercado*, 395 Wis. 2d 296, ¶59 (stating that the second factor favors admitting the statement where it was made to a child forensic interviewer).

The third *Sorenson* factor is the circumstance under which the child made the statement. The record shows that D.R. gave her recorded statement in an austere interview room, to a detective who repeatedly stressed the importance of telling the truth and the consequences of lying. We recognize that, as Young reminds us, D.R. made her recorded statement several years after the sexual assaults she described. However, the fact that a child's statement does not immediately follow an assault is not a controlling consideration when assessing the trustworthiness of that statement. *Id.*, 143 Wis. 2d at 248. "Contemporaneity and spontaneity of statements are not as crucial in admitting hearsay statements of young sexual assault victims under the residual exception." *Id.* Moreover, the delay here is less a circumstance of the recorded statement and more a function of the fact that D.R.'s disclosure itself was delayed. Delayed disclosure does not undermine the trustworthiness of the statement. *See id.*, *see also*

8

*State v. Hineman*, 2023 WI 1, ¶61, 405 Wis. 2d 233, 983 N.W.2d 652 (Karofsky, J., concurring) (stating that delayed disclosures are the norm, not the exception). In this regard, we note that the only expert who testified in this case explained that delayed disclosure is common because "children tend to have a lot of reasons not to report abuse right away[.]"

The fourth *Sorenson* factor is whether the child's statement reflects signs of deceit or falsehood and reveals knowledge of matters not ordinarily attributable to a person of the child's age. *Id.*, 143 Wis. 2d at 246. The State recognizes that the sexual knowledge reflected in D.R.'s recorded statement is unremarkable for a 14-year-old. Age alone, however, is not determinative; as we have already noted, no bright-line rule dictates rejection of a child's recorded statement as untrustworthy merely because the child has reached an age at which familiarity with sexual matters is to be expected. *Huntington*, 216 Wis. 2d at 683-84. Instead, the assessment of trustworthiness turns on the specifics of the speaker and the statement. Here, the circuit court found that D.R.'s statement did not reveal any "sign of deceit or falsity," and that instead D.R. appeared tearful and embarrassed. Moreover, she used unsophisticated terms such as "kit kat" and "thing" for intimate body parts, rather than language suggesting an attempt to shock the listener. This factor supports admissibility.

Last, a court considers whether the child's statements are corroborated. *Sorenson*, 143 Wis. 2d at 246. While Young correctly points out that the State did not offer any corroborating physical evidence, the corroboration relevant to this aspect of the analysis is not limited to physical evidence. *Id.* D.R.'s statements were corroborated here by evidence of Young's opportunity to engage in the sexual conduct that D.R. described. *See id.* No dispute exists that S.R. held a third-shift job from November 2012 through December 2013, or that Young was the only adult in the home providing child care while S.R. was at work. Moreover, S.R. testified that

during this period, she noticed changes in D.R.'s behavior in general and in relation to Young in particular. D.R. "didn't want to look at" Young, "would cry," and appeared "scared to even talk." This final factor also favors admission.

Our review reflects that all five of the *Sorenson* factors favor admission under the facts of this particular case. *See Mercado*, 395 Wis. 2d 296, ¶56. The recording thus possessed sufficient guarantees of trustworthiness to be admitted under WIS. STAT. § 908.03(24).

In sum, we accept the parties' apparent agreement that D.R.'s recorded statement was inadmissible as a prior consistent statement under WIS. STAT. § 908.01(4)(a)2. We conclude, however, that the recording contained sufficient indicia of reliability to be admitted under WIS. STAT. § 908.03(24). We therefore hold that the circuit court did not erroneously exercise its discretion in admitting the evidence, regardless of the circuit court's specific rationale for doing so. Accordingly, we affirm.

IT IS ORDERED that the judgment of conviction is summarily affirmed. *See* WIS. STAT. RULE 809.21.

IT IS FURTHER ORDERED that this summary disposition order will not be published.

*Samuel A. Christensen*
*Clerk of Court of Appeals*