# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2209-CR**

Cir. Ct. No. 2021CF811

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ROBERT T. PRESTON,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Kenosha County: ANTHONY G. MILISAUSKAS, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Robert T. Preston appeals the judgment of conviction entered upon his guilty plea to one count of threatening a prosecutor. He also appeals the order of the circuit court denying his postconviction motion to withdraw his plea. Preston argues that he received ineffective assistance of counsel when he pled guilty to the sole charge against him. We affirm.

¶2 The parties do not dispute the following material facts. Preston was charged with making threats to a prosecutor after he placed several phone calls explicitly threatening the life of the Kenosha County district attorney and his family. Pursuant to an agreement with the State, Preston entered a guilty plea to the charge. After reviewing the presentence investigation report and considering the parties' arguments, the circuit court sentenced Preston to three years of probation, with two years of initial confinement and three years of extended supervision imposed and stayed. The sentence imposed was consistent with the plea agreement.

¶3 Eight months later, when the Wisconsin Department of Corrections (DOC) sought to revoke Preston's probation, the circuit court ordered a competency examination for Preston at the request of the administrative law judge handling Preston's revocation hearing. The mental health examiner concluded that Preston was competent to proceed. After the DOC pursued revocation of his probation, Preston filed a motion and supplemental motion seeking to withdraw his plea on the basis of ineffective assistance of trial counsel.

¶4 In his postconviction motion, Preston stated that he told his trial counsel after the plea hearing, but before sentencing, that he wished to withdraw his plea. Preston asserted that his trial counsel persuaded him not to withdraw his plea at that time by telling Preston that counsel would request a competency

hearing if Preston intended to withdraw his plea. In the context of those discussions, Preston also raised doubt as to whether all the underlying elements of the offense were discussed with him and whether those elements were met by Preston's conduct. Preston further indicated that he had informed trial counsel of his desire to freely travel throughout the country for work, but counsel failed to inform him of the procedural limitations on this freedom of movement while on probation. The State objected to plea withdrawal. After holding a *Machner*[1] hearing on the plea withdrawal motion, the circuit court denied it on the basis that Preston failed to establish that his trial counsel was ineffective. Preston appeals.

¶5 "A defendant is entitled to withdraw a guilty plea after sentencing only upon a showing of a 'manifest injustice' by clear and convincing evidence." *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). "[T]he 'manifest injustice' test is met if the defendant was denied the effective assistance of counsel." *Id.*

¶6 "Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the right to effective assistance of counsel." *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. A defendant must show two elements to establish that his or her counsel's assistance was constitutionally ineffective: (1) counsel's performance was deficient; and (2) the deficient performance resulted in prejudice to the defense. *Id.* In the context of an argument for plea withdrawal, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "[T]o

---

[1] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

¶7    "An ineffective assistance of counsel claim presents a mixed question of fact and law." *State v. Pico*, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95. "We will not reverse the circuit court's findings of fact unless they are clearly erroneous." *Id.* We likewise uphold any "assessments of credibility and demeanor" by the circuit court unless they are clearly erroneous. *State v. Carter*, 2010 WI 40, ¶19, 324 Wis. 2d 640, 782 N.W.2d 695. "We independently review, as a matter of law, whether those facts demonstrate ineffective assistance of counsel." *Pico*, 382 Wis. 2d 273, ¶13.

¶8    As in the circuit court, Preston argues on appeal that he is entitled to plea withdrawal. He alleges that trial counsel was ineffective by failing to raise competency; failing to review discovery, investigate potential defenses, or provide adequate advice in relation to the decision to enter a guilty plea; coercing Preston to forego a presentencing plea withdrawal; providing misinformation presentence; and failing to meet ethical standards of representation.

¶9    Although he acknowledges that plea withdrawal based on ineffective assistance of counsel is only permissible if a defendant demonstrates both deficient performance and prejudice resulting therefrom, Preston notably does not argue that "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill*, 474 U.S. at 59. This remains the case even in his reply brief, where Preston asserts that he was prejudiced, but fails to develop this argument, instead asking that we remand to the circuit court to determine whether Preston was prejudiced

by counsel's allegedly deficient performance. Because, as we now explain, we conclude that Preston failed to meet his burden of establishing he was prejudiced by any assumed deficiency in trial counsel's performance, we only address the second prong of the ineffective assistance of counsel analysis. *See* **State v. Johnson**, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990) ("[C]ourts may reverse the order of the two tests or avoid the deficient performance analysis altogether if the defendant has failed to show prejudice[.]").

¶10    Both Preston and his trial counsel testified at the hearing on Preston's motion for plea withdrawal. The testimony revealed that Preston made a reasoned decision to proceed to sentencing rather than seek to withdraw the plea and risk a non-probation sentence. Preston testified that, despite at one point wishing to withdraw the plea, he "took the [p]lea because it avoided jail time." When Preston's postconviction counsel asked whether Preston was afraid of a competency evaluation, Preston responded: "I was not afraid. I already passed one exam in this case. I would have been fine … I was afraid more of the harsher sentence, the possibility of that." Postconviction counsel again asked whether the threat of competency being raised was an "ultimatum," and Preston again stated, "Yeah, but I think the ultimate ultimatum was the harsher sentence being imposed if the [p]lea withdrawal was denied ...." Preston also testified that, "part of the reason I wanted to withdraw my [p]lea also was I wanted to leave Wisconsin."

¶11    On cross examination, Preston affirmed that he ultimately entered a plea to avoid jail time, agreeing that "that was a calculated decision." Preston never testified that he wished to withdraw the plea because he wished to take the case to trial, and he would have done so but for counsel's deficient performance. Instead, Preston testified he made a rational decision to accept the plea to

5

maximize the chances he would avoid incarceration and receive probation. Trial counsel offered a different accounting of the events leading up to the hearing.

¶12 In its oral ruling after the hearing, the circuit court explicitly found trial counsel's "testimony credible," including that counsel never threatened or coerced Preston into pleading guilty or failing to pursue plea withdrawal before sentencing. The court further found that Preston had not presented any convincing evidence that counsel "did anything that would be such a bad omission here that" it would amount to ineffective assistance of counsel. The court effectively found that the testimony clearly established that Preston knowingly, voluntarily, and intelligently pleaded guilty in order to be placed on probation and avoid incarceration. Preston has not demonstrated that the court's findings were clearly erroneous, and upon our independent review, we agree with its analysis.

¶13 As noted, absent on appeal are any allegations that Preston would have maintained a trial posture if trial counsel had reviewed the elements of the crimes with Preston in a different manner or generally why Preston would have insisted on proceeding to trial if the events leading up to his guilty pleas had proceeded differently. His brief on appeal merely states, without sufficiently developing facts or arguments in support thereof, that he would have taken the case to trial if not for the five ways in which his trial counsel's performance was purportedly deficient. At best, Preston proclaims that "[Preston] was prejudiced by trial counsel's coercion; essentially forcing [him] to waive his right to request a plea withdrawal, in lieu of trial counsel raising competency." These bare allegations are insufficient to establish prejudice on Preston's claim for plea withdrawal. Therefore, we conclude that the circuit court did not erroneously deny Preston's postconviction motion for plea withdrawal.

6

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).[2]

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.